### FOR THE

## COUNTY OF CHITTENDEN,

### DECEMBER TERM, 1851.

---

PRESENT,

HON. STEPHEN ROYCE, CHIEF JUDGE.
HON. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
HON. PIERPOINT ISHAM, }

---

HENRY C. BLACKMAN *v.* EDWARD H. GREEN & JOHN E. SHORT.

*Assumpsit on promissory note. The Insolvent Laws of Massachusetts.*

Where a note was neither executed nor payable in Massachusetts, nor did the plaintiff or his factors reside there,—*held*, that the insolvent laws of Massachusetts could have no operation upon the rights of the plaintiff or his factors, without their express or implied consent.

When the purchaser, for goods bought of commission merchants or factors draws the note payable to the order of the signers, and the indorsement was simultaneous with the signing of the note, and was essential to render the instrument operative, it must be regarded in effect as a note to the plaintiff or the owner of the goods.

And upon the insolvency of the signers of the note, if the factors, without the knowledge or consent of the plaintiff, caused the note to be presented and proved

Blackman *v.* Green & Short.

in their names, though this might be sufficient to bar them of all other and inde
pendent remedies in respect to the note, it will not effect the rights of the plain-
tiff; for the factors cannot by virtue of their *lien* for commission, put the plain-
tiff's interest in manifest jeopardy by resorting without necessity to an unusual
course, at least until they have given him notice of the *lien* and an opportunity
to discharge it.

Assumpsit on a promissory note, and submitted to the court
upon the following statement of facts, as agreed to by the parties:
"The plaintiff, at and before the time of giving the note in
question, and was, and ever since has been, a merchant domiciled
and doing business in Jericho, Vermont, and as such consigned
country produce of his, to Messrs. Jewell, Harrison & Co., commis-
sion merchants, residing and doing business as such, in the city of
New-York, to sell on commission without guaranty, at a commission
of two-and-a-half per cent.

"That the defendant Green, then in partnership with John E.
Short, under the firm of Edward H. Green & Co., both residing
and doing business in the city of Boston, Massachusetts, being in
the city of New York, purchased a quantity of the plaintiff's pro-
duce, so consigned, of said consignees, and executed and delivered
to said consignees the note in question, which was in the words
following:

"New York, January 10, 1846.
'Sixty days after date, we promise to pay to the order of our-
'selves, at the counting-room of Jewell, Harrison & Co., N. Y., four
'hundred and thirty dollars and forty-three cents, value received.'
      (Signed,)                    'Edward H. Green & Co.'
On the back of which is indorsed, 'Edward H. Green & Co.'
and also 'March 10, 1846.'
              'Proved,'                          'E. G. L.'

"That this sale and taking of the said note was without the
plaintiff's knowledge. That shortly after, and before the note fell
due, and while it remained in the hands of said consignees, the
said defendants stopped payment, and certain proceedings were
had by them under the insolvent laws of Massachusetts, by means
of which they obtained a discharge in due form, (which was made
a part of the case.) That while such proceedings were being had
in Massachusetts, the said Jewell, Harrison & Co., without the
knowledge of the plaintiff, and of their own mere motion, sent
said note to Boston for allowance, by the commissioners of insol-

Blackman *v.* Green & Short.

vency, with a view to entitle the note to a share of the assets of the defendants. That the said note was proved and allowed before said commissioners, in favor of Jewell, Harrison & Co. That the plaintiff was wholly ignorant of all this, until long after, but was informed of the fact at the time he received said note from said Jewell, Harrison & Co. That the contract which the note was given for, and the note, were both made in said New York, and the residences of all the parties have remained as at that time.

It was further agreed:

That at the time of the sale of the property to the defendants, the said consignees did not communicate to them, that the property belonged to the plaintiff, nor did the defendants know who was the real owner of the property, but simply contracted with said Jewell, Harrison & Co., knowing them to be commission merchants, without any inquiries as to the true ownership of the property. No dividend has yet been declared or made upon said note, or any of the claims proved. And the plaintiff has never received anything thereon, or attempted to avail himself of any such proof or allowance of said note, except as above stated. Nor has he ever disclaimed or disowned to the defendants or the commissioners of insolvency, the act of said Jewell, Harrison & Co., in procuring said note to be proved and allowed as aforesaid, in any other manner than bringing this suit on said note.

The said Jewell, Harrison & Co. had authority from the plaintiff to sell said produce to the best advantage, such being the instructions from the plaintiff.

Certified copies of proceedings and discharges under the insolvent laws of Massachusetts, were made part of the case.

September Term of the County Court, A. D. 1849,—BENNETT, J.; presiding, rendered judgment for the plaintiff. Exceptions by the defendants.

*S. Wires and W. W. Peck* for defendants.

1. If the plaintiff had proved the claim, he would have been barred. The act would have been a waiver of his *extra-territorial immunity.* Story Confl. Laws, § 335–351.

*Phillips* v. *Allen,* 8 B. & C. 477. *Sill* v. *Warwic,* 1 H. Bl. 665. *Phillips* v. *Hunter,* 2 H. Bl. 403–414. *Mayhew* v. *Thatcher,* 6 Whea. 129. *Hoxie* v. *Wright,* 2 Vt., 263. *Sturgis* v. *Crown-*

Blackman *v.* Green & Short.

*ingshield*, 4 Whea. 122.　*McMillen* v. *McNiel*, 4 Whea. 209.　*Ogden* v. *Saunders*, 12 Whea.

2. The proof by Jewell, Harrison & Co., was the act of the plaintiff. As factors and owners of a special interest in the note, they might prove the claim. Story on Ag. § 393, 394, 227, 228. *Parker* v. *B*—— 22 Pick.

3. The plaintiff has an allowance — a right to a dividend, and should one be made, he cannot retain that and recover judgment. Hence he must be treated as having ratified the *proof*.

*Kasson & Edmunds* and *A. Peck* for the plaintiff.

1. It is well settled that the insolvent laws of a State cannot operate extra-territorially, or upon the rights of citizens of other States, where the contract was not made, or to be performed in the State passing such laws.

*Proctor* v. *Moore*, 1 Mass. 199.　*Baker* v. *Wheaton*, 5 id. 511. *Watson* v. *Bowen*, 10 id. 387.　*Blanchard* v. *Russell*, 13 id. 1. *Walsh* v. *Farrand*, 13 id. 19.　*Bradford* v. *Farrand*, 13 id. 18. *Van Raugh* v. *Van Arsdaln*, 3 Caine, 154.　*Smith* v. *Smith*, 2 J. R. 241.　*Brainard* v. *Marshall*, 8 Pick. 195.　*Ogden* v. *Saunders*, A. U. S. Cond. 533–5.

2. Nor can a case be found where a creditor waives his extra-territorial immunity by any act short of not only proving his claim, but *accepting* a dividend under the commission. Such was the case of *Clay* v. *Smith*, 5 Pet. 411. And in *Kimberly* v. *Ely*, 6 Pick. 440, the court held, that even though the creditor appeared and took a dividend under the laws of another State, which were unconstitutional, it was no bar.

3. The commission merchants or factors in New York, were not authorized to present the claim, or submit it to arbitration, or to commute it, or to do anything else, except to receive the money upon it, and the whole of it, or to do any act to impair the security of the plaintiff.

Story on Agn. § 403, 413, 446.　—— v. *Leigh*, 4 Campb. 194.

The opinion of the court was delivered by

ROYCE, Ch. J. The note in suit was neither executed nor payable in Massachusetts, nor did the plaintiff or his factors, Jewell, Harrison & Co., reside there. And from these facts, it follows,

Blackman *v.* Green & Short.

that upon principles long settled and universally acknowledged, the insolvent laws of Massachusetts could have no operation upon the rights of the plaintiff or his factors, without their express or implied consent.

We proceed to inquire, then, whether such consent was given to the proceedings in Massachusetts, as will bar a subsequent action on the note. And the question may first be considered in reference to Jewell, Harrison & Co. It is claimed by the plaintiff, that the proof of the note under the commission of insolvency, was not alone sufficient to produce this effect; but that the further act of accepting a dividend would be necessary. I am not aware that any case of a foreign creditor has been made to turn upon the necessity of this latter fact, although the fact appeared in *Clay* v. *Smith*, 5 Pet. 411, where such a creditor was adjudged to be barred. In *Kimberly* v. *Ely*, 6 Pick. 440, the creditor had proved his debt, and received a dividend, but the statute under which the proceedings were had, was held to be unconstitutional in reference to his debt; so that the dividend only operated as payment *pro-tanto*. Chancellor Kent lays down the proposition, citing many authorities to support it, that "The discharge under a State law will not discharge a debt due to a citizen of another State, who does not make himself a party to a proceeding under this law." 2 Kent 393. But every one who presents and proves his debts, under a commission of this kind, does become such a party ; and in a way, moreover, which carries the strongest implication of his full consent and intended acquiescence. And since Jewell, Harrison & Co., not only caused this note to be presented and proved in their name, but have suffered the proof to remain uncancelled; we are disposed to consider the participation of those persons in the proceedings, as being sufficient to bar them of all other and independent remedies in respect of the note. And it only remains to be determined, whether the plaintiff is also concluded by their act.

The case shows that, at the time of making the purchase of Jewell, Harrison & Co., the defendant knew he was dealing with commission merchants, or factors. He had reason to conclude, therefore, that they were not the owners of the property which he purchased, though he was not informed to whom it belonged. And this may have suggested the peculiar form in which the note was drawn,—being made payable to the order of the signers; so that

by means of an endorsement in blank, the legal property of the note might rest in the real vender, instead of the factors. The endorsement was simultaneous with the signing of the note, and was essential to render the instrument operative as a contract. Under such circumstances, I regard it in effect, as a note to the plaintiff. His property furnished the consideration of the note, and he could, by indisputable right, have filled up the indorsement to himself. Had Jewell, Harrison & Co. become bankrupts or insolvents, this note could not have been treated as a part of their assets. *Scott et al.,* v. *Surman et al.* Willes 400. 2 Kent, 623, and cases there cited. It was the plaintiff's property on which the factors had, at most, but a trifling lien for their commission. And hence, the question arises whether they could in virtue of that lien, or in their character of mere agents, deprive the plaintiff, without his consent or knowledge, of his extra-territorial immunity from the operation of the insolvent laws of Massachusetts, and subject his demand to a species of composition, which might well be expected to prove little better than a sacrifice of the debt. Such an act is certainly not within the ordinary powers of a commercial agent. On the contrary, the general rule is, that without special authority, he cannot even compound a debt. Paley Ag. 291. The powers properly appertaining to their employment as factors, would have enabled Jewell, Harrison & Co. to use all available means for enforcing payment of the debt. They might have commenced and prosecuted a suit for its collection, even in Massachusetts, if found to be necessary. And perhaps their lien for commission may have given them a paramount right to control the demand. But even that could not entitle them to put the plaintiff's interest in manifest jeopardy, by resorting without necessity to an unusual course, at least, until they had given him notice of the lien, and an opportunity to discharge it. In view of all the facts disclosed by the case, we consider that the right of the plaintiff to sustain the present action is not affected by the proceedings in Massachusetts.

Judgment affirmed.