### James Gorman & another *vs.* Emerson Wheeler.

A factor, who takes a promissory note for goods sold on account of his consignor, and gives him reasonable notice of this and of the subsequent insolvency of the purchaser, does not, by proving the note under the insolvent laws and taking a dividend thereon, render himself liable for the full amount of the note, if he uses reasonable care and skill; although the consignor resides in another state, and his claim against the purchaser, if not proved, would not be barred by the discharge in insolvency.

ACTION OF CONTRACT to recover the proceeds of goods received by the defendant in Boston as a commission merchant, and sold by him there on account of the plaintiffs, who were citizens of New York.

At the trial in the superior court of Suffolk at November term 1855, it appeared that the defendant sold the goods on a credit of sixty days to the firm of Blood & Bent, who were then in good credit, and took their promissory note for the price, payable to himself or order; that before the maturity of the note Blood & Bent failed, and took the benefit of the insolvent law of Massachusetts, and obtained their certificate of discharge, and the defendant proved the note under the proceedings in insolvency against their estate, and received a dividend of thirty per cent. thereon; that the defendant was largely in advance to the plaintiffs, and the plaintiffs owed him more than the amount of the note, when he proved the claim in insolvency; and that he subsequently rendered an account thereof to the plaintiffs, charging back the amount of sale and crediting the dividend received.

The plaintiffs contended that the defendant by so proving the note had made himself liable therefor, unless he could prove that he was authorized by the plaintiffs so to do.

But *Nelson,* C. J. instructed the jury " that when the purchasers of the goods became insolvent after the sale, it became the duty of the defendant within a reasonable time to give notice of the transaction and of the insolvency to his consignors, the plaintiffs; that if, in giving such notice, he received any instructions, he was bound to follow them; but if he received no instructions, then he was bound to use all reasonable care and skill in managing the debt against the purchasers, for the best advantage of his consignors. He must not compromise the rights of the plaintiffs, if by the use of reasonable and proper care and skill he could avoid it; if he failed in these duties, then the plaintiffs could recover the amount of the sale. But if the defendant had taken the note according to the express direction of the plaintiffs, or had taken it, in the absence of any instructions, according to the usage of trade, and his principals, after notice, gave no instructions as to what course was to be pursued, the defendant could then prove the note in the ordinary course of proceedings in insolvency, and receive a dividend for the benefit of his principals, provided he in doing so acted with good faith, and with proper prudence, care and diligence for the best interests of his consignors; and the mere proof of the debt would not make him responsible for the amount." The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

*H. J. Warner,* for the plaintiffs, cited *Blackman* v. *Green,* 24 Verm. 17; Story on Agency, §§ 403, 413, 446; 2 Kent Com. (6th ed.) 623; *West Boylston Manuf. Co.* v. *Searle,* 15 Pick. 230.

*H. F. Durant,* for the defendant.

THOMAS, J. The only point of the exceptions relied upon at the argument was to the instructions of the court below upon the power and right of the defendant to prove the debt in insolvency. The goods were properly sold upon credit; the note well taken in the name of the consignee; the consignee was greatly in advance to the consignors. The purchaser of the

goods and maker of the note having gone into insolvency, what might and should the consignee do with this note against the insolvent?

The court below instructed the jury, in substance, that the consignee was bound to give notice to the consignors of the note and of the insolvency of the maker, and to follow any instructions he might receive from the consignors, but, if he failed to receive any, to use all reasonable care and skill in collecting the debt for the consignors, and if, acting in good faith and with prudence and care for the best interests of the consignors, he proved the note in insolvency, such proof would not make him responsible for the amount of the note.

Of these instructions the plaintiffs surely had no just ground of complaint. Whether they contract and abridge the rights of the defendant it is not necessary to determine. There could not well be an absolute rule that the consignee should or should not prove a claim like this in insolvency. The question as between him and the consignors must, it would seem, be always one of good faith and reasonable diligence in the collection of the debt.

A point was made in the argument, which does not appear to have been suggested at the trial, that as the consignors were citizens of another state, and the note was not in terms payable in this commonwealth, the debt, if not proved in insolvency, would not have been discharged. The place of payment of the note does not clearly appear by the bill of exceptions. But assuming that fact to be as stated, yet as upon failure to prove the debt there could be no dividend, the effect of the discharge was one only of the facts to be weighed in determining what due diligence in the collection of the debt required.

The case cited by the defendant, of *Blackman* v. *Green*, 24 Verm. 17, does not seem to us to conflict with the instructions given to the jury in the court below. The case proceeded upon the ground that no notice was given to the consignor, and no opportunity given to discharge the lien of the consignee upon the note.          *Exceptions overruled.*